IN RE BURKE.

(No. 4,293.)

(Submitted November 12, 1918. Decided November 21, 1918.)

[176 Pac. 421.]

*Attorney and Client—Retention of Funds—Disbarment—Suspension.*

Attorney and Client—Retention of Funds—Disbarment or Suspension.
    1. Where an attorney admits his guilt of professional misconduct consisting of failure for some thirty-one months to account to his client for

On the question of disbarment or suspension of attorney for withholding client's money or property, see note in 19 L. R. A. (n. s.) 414.

moneys collected in satisfaction of judgments procured in the latter's favor, the supreme court must, under sections 6418 and 6420 of the Revised Codes, either disbar him permanently or suspend him for a limited period, according to the gravity of the offense.

[As to disbarment of attorneys, causes and proceedings therefor, and the power of courts to disbar, see notes in 95 **Am. Dec.** 333; 45 **Am. St. Rep.** 71.]

Same—Suspension.

2. *Held*, in view of extenuating circumstances exceptional in their nature, and the fact that accused had made full payment to his client of the moneys due him with interest, since commencement of disbarment proceedings against him, that suspension for a period of ninety days is sufficient punishment for the offense referred to above.

PROCEEDING for the disbarment of E. W. Burke. Respondent suspended for ninety days, with privilege of reinstatement upon showing of good character.

*Mr. E. W. Burke, pro se.*

*Mr. S. C. Ford,* Attorney General, for the State.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an original proceeding against E. W. Burke, Esq., an attorney and counselor at law of the courts of Montana, for disbarment. It has been submitted upon the report of Ira T. Wright, Esq., special counsel appointed by this court to investigate the charge, the complaint of the attorney general, and the answer of the accused. The malpractice, or misconduct in [1] his profession, of which the accused stands charged, consists of his retention of, and failure for some thirty-one months to account for, $104.75 which had been paid to him in satisfaction of judgments procured in two actions by him in behalf of his client. The accused frankly admits the charge to be true in substance, which is tantamount to pleading guilty. It therefore becomes the duty of the court, under Revised Codes, sections 6418 and 6420, to adjudge that the accused be deprived either permanently or for a limited period, according to the gravity of the offense, of the right to practice as an attorney or counselor in the courts of this state.

The misconduct of which the accused confesses his guilt involves such a degree of moral turpitude as would ordinarily justify—indeed, demand—judgment of expulsion from the profession whose honor he has stained and whose reputation for fidelity his malpractice tends to impair. His deviation from [2] the straight and narrow path is not to be treated lightly. There are, however, in this case extenuating conditions and circumstances exceptional in their nature which, while not excusing—much less justifying—his unfaithfulness, do palliate the seeming flagrancy and gravity of his delinquency as it is made to appear by the bald statement of the facts, and which appeal to the clemency of the court and justly invoke the exercise of its discretion. It is not necessary to describe those conditions or recite those circumstances. We may remark, however, that we are inclined to believe that the accused never intended to make permanent appropriation of his client's funds and that he purposed remitting the full sum, less his reasonable fees, as soon as he should become financially able to do so; and that his delinquency resulted in part from the resentment which he felt because the client had not reimbursed him for costs theretofore expended and had not paid his fees theretofore earned in the actions, in part from failure to bear in mind the distinction between the relation of debtor and creditor and that of trustee and beneficiary, in part from carelessness, and in part from dire poverty. It may be added that since this proceeding was commenced he has paid to the client the full amount due him, with interest.

We feel that the penalty of permanent disbarment would be too severe, and that a milder penalty will satisfy the ends of justice and the purposes sought to be accomplished.

The accused having been convicted of the malpractice charged in the complaint, it is adjudged that he be, and he is hereby, deprived of the right to practice as an attorney or counselor in the courts of the state of Montana for the period of ninety days from and after November 20, 1918, at the expiration of which time he may be reinstated as an attorney and counselor at law

upon satisfactory proof being made to this court of his good moral character meanwhile.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.