## IN RE JEWELL.

### (No. 4,859.)

(Submitted September 12, 1921. Decided October 3, 1921.)

[201 Pac. 266.]

*Attorney and Client—Misappropriation of Funds—Disbarment —Suspension from Office.*

1.   Where an attorney, charged with failure for some ten months to account for and pay over to a client money collected, at no time concealed the fact from the latter that he had collected but acknowledged that he had misappropriated it to his own use and offered to make, and did make, reparation satisfactory to the client, who thereafter continued to employ him, and accused made no evasion or denial of the charge either before the referee or at the hearing in the supreme court, but frankly admitted his delinquency, suspension from his office as attorney and counselor at law for the period of ninety days *held* sufficient punishment to serve the ends of justice.

DISBARMENT PROCEEDING against John Jacob Jewell. Accused suspended for ninety days, with privilege of reinstatement upon showing of satisfactory proof of good moral character.

Cause submitted without argument or brief.

*Mr. L. A. Foot,* Assistant Attorney General, for the State.

*Mr. John Jacob Jewell, pro se.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an original proceeding against John Jacob Jewell, an attorney and counselor at law of the courts of Montana, to procure his disbarment.

Upon issues joined upon the complaint by the answer of the accused, John McKenzie, Esq., was appointed referee to take the testimony and report his findings and recommendations. His report and recommendations heretofore submitted [1] are now before the court for adoption or rejection. The

malpractice or misconduct in his profession of which the ac-
cused stands charged, consisted in his retention of, and fail-
ure to account for and pay over to J. C. Hauck, a client,
and the person entitled thereto, the sum of $2,745.19 from
April 7, 1918, to February 15, 1919. The referee found that
the accused had misappropriated this sum as charged.

At the hearing in this court the accused did not question
the correctness of the finding of the referee but submitted
himself thereon for judgment. Indeed, by a reading of the
testimony we find that at the hearing before the referee, the
accused made no evasion or denial of the charge but frankly
admitted his delinquency. It further appears that, though he
failed to remit to Hauck when the money came into his hands,
he at no time concealed the fact that he had collected it.
When called upon by Hauck to account for it, he stated to
him that he had misappropriated it and offered to make repara-
tion. He thereupon made reparation which Hauck deemed en-
tirely satisfactory. It further appears that after he made
reparation, Hauck employed him as theretofore.

It is not necessary to enter into a discussion of the facts.
We may remark, however, that we are inclined to believe
that, though the conduct of the accused was wholly inex-
cusable, the circumstances were such as to lead the members
of this court to believe that the ends of justice do not require
the extreme penalty of permanent disbarment, but that they
will be served if the accused be suspended from his office for
a definite time. The facts disclosed by the evidence as a
whole present a case similar in many of its aspects to that of
*In re Burke,* 55 Mont. 303, 176 Pac. 421. The referee recom-
mends this disposition of the matter. In view of all the cir-
cumstances we think we may adopt his recommendation.

It is therefore ordered that John Jacob Jewell be suspended
from his office as attorney and counselor at law for the period
of ninety days from this date. At the expiration of that
time, he may be reinstated as attorney and counselor at law

upon paying to the clerk of this court the costs incurred herein and presenting to this court satisfactory proof of his good moral character in the meantime.

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur.